**Eric B. Swartz, ISB #6396**
**JONES & SWARTZ PLLC**
**Landmark Legal Group™**
623 West Hays Street
Boise, ID  83702
Telephone:  (208) 489-8989
Facsimile:  (208) 489-8988
Email:  eric@jonesandswartzlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
SOUTHERN DIVISION

| | |
|---|---|
| JASON BEARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. GEOTHERMAL INC., JOHN H. WALKER, PAUL LARKIN, LELAND MINK, JAMES C. PAPPAS, RANDOLPH J. HILL, ALI HEDAYAT, and DOUGLAS J. GLASPEY,<br><br>Defendants. | Civil Action No. 1:18-cv-131<br><br>COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Jason Beard ("Plaintiff"), by and through his attorneys, alleges the following on information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction (the "Proposed Transaction" or "Merger") announced on January 24, 2018, pursuant to which U.S. Geothermal Inc. ("U.S. Geothermal" or the "Company") will be acquired by Ormat Technologies Inc. ("Ormat") through

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 – 1

its subsidiary Ormat Nevada Inc. ("Parent") and Parent's wholly owned subsidiary, OGP Holding Corp. ("Merger Sub").

2. On January 24, 2018, U.S. Geothermal's Board of Directors (the "Board" or the "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Parent and Merger Sub.  Pursuant to the terms of the Merger Agreement, Parent will purchase each issued and outstanding share of U.S. Geothermal common stock for $5.45 in cash (the "Merger Consideration").  Upon completion of the Merger, Merger Sub will merge with and into U.S. Geothermal, with U.S. Geothermal surviving the merger as a wholly owned subsidiary of Parent.

3. On March 20, 2018, Defendants (as defined below) filed a preliminary Proxy Statement on Schedule 14A with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction (the "Proxy").  As described herein, the Proxy omits certain material information with respect to the Proposed Transaction, which renders it false and misleading, in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 140.14a-9 ("Rule 14a-9") promulgated thereunder.

4. Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction or, in the event the Proposed Transaction is consummated, to recover damages resulting from Defendants' wrongdoing described herein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act, 15 U.S.C § 78aa, and 28 U.S.C. § 1331, as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 – 2

6. This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been at all times relevant hereto, the owner of U.S. Geothermal common stock.

9. Defendant U.S. Geothermal is a Delaware corporation, with its principal executive offices located in Boise, Idaho. U.S. Geothermal common stock is listed on the NYSE American exchange under the symbol "HTM."

10. Defendant John H. Walker ("Walker") has served as Chairman of the U.S. Geothermal Board since December of 2003.

11. Defendant Douglas J. Glaspey ("Glaspey") is the President, Chief Operating Officer, and Interim Chief Executive Officer of U.S. Geothermal. He has also served as a director of the Company since 2000.

12. Defendant Ali Hedayat ("Hedayat") has served as a director of U.S. Geothermal since 2017.

13. Defendant Randolph J. Hill ("Hill") has served as a director of U.S. Geothermal since September 2016.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 – 3

14. Defendant James C. Pappas ("Pappas") has served as a director of U.S. Geothermal since September 2016. According to the Proxy, he beneficially owns 14.79 percent of Company stock.

15. Defendant Dr. Leland L. Mink ("Mink") has served as a director of U.S. Geothermal since 2006.

16. Defendant Paul Larkin ("Larkin") has served as a director of the Company since 2000.

17. The defendants listed in ¶¶ 10-16 are collectively referred to herein as the "Individual Defendants."

18. The Individual Defendants and U.S. Geothermal are referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Incorporated in 2000 as a Delaware corporation, U.S. Geothermal, a "green" energy company, is in the business of constructing, managing, and operating power plants utilizing geothermal resources to produce electricity. As the Company explained in a recent filing, geothermal resources are derived from "the natural heat energy stored within the earth's crust." The Company's operations are primarily focused in the Western United States and in Guatemala.

20. In soliciting shareholder approval for the Proposed Transaction, Defendants issued the Proxy, which purports to contain a summary/overview of the Proposed Transaction, but omits certain critical information, rendering portions of the Proxy materially incomplete and/or misleading, in violation of the Securities Act provisions discussed herein. As a result, U.S. Geothermal shareholders lack material information necessary to allow them to make an informed decision concerning whether to vote in favor of the Merger.

21. *First*, the Proxy states that "[f]ollowing the merger, and pursuant to the terms of the

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 – 4

merger agreement, the members of the Board will be replaced by the Board of merger sub." Proxy at 36. The Proxy, however, does not provide a similar disclosure with respect to the Company's executive officers. Disclosure as to whether any executive officers will be retained by Ormat would shed light on potential conflicts of interest, as it is reasonable to assume that a company's leadership might be biased in favor of a party enticing it with post-Merger employment. Yet there is no disclosure as to whether the U.S. Geothermal executives discussed their post-Merger futures with Ormat. Disclosure concerning post-Merger employment is particularly needed here, as the Proxy notes Defendant Glaspey (a director but also the Company's CEO), exerted important influence during the merger process, communicating and meeting with potential buyers.

22. *Second,* the Proxy fails to fully disclose the potential conflicts of interest of the Company's financial advisor, ROTH Capital Partners, LLC ("ROTH"), whom the Company retained to provide an opinion as to the fairness of the Merger Consideration. Specifically, the Proxy notes that "[i]n the past two years, no material relationship existed between the Company and/or its affiliates and ROTH and/or its affiliates pursuant to which compensation, other than a $75,000 fee for general financial advisory services, was received by ROTH or its affiliates as a result of such relationship." Proxy at 45. However, this begs the question as to whether ROTH had any such relationship with *Ormat*. Such a relationship with Ormat would create the potential that ROTH could be biased in favor of Ormat, rather than U.S. Geothermal, which will, in practice, cease to exist upon its merger into Ormat. Yet the Proxy is silent on this important issue. Instead, it is summarily noted (in another section of the Proxy) that immediately before the Board voted to approve on January 23, 2018, "ROTH confirmed that it had no conflict of interest with respect to Ormat." This conclusory statement simply parrots ROTH's self-serving assurances to the Board, and, notably, does not deny the existence of a relationship with Ormat. This disclosure is also

clearly insufficient as the Proxy notes that also on January 23, 2018, the Board's special committee learned that the "parent" under the Merger Agreement would be Ormat Nevada, not Ormat Technologies. *Id.* As a result, the committee was required to perform due diligence concerning Ormat Nevada's ability to finance the Merger. *Id.* Given this backdrop, it is not entirely clear which Ormat the Proxy is identifying when it states that "ROTH confirmed that it had no conflict of interest with respect to Ormat."

23. *Third,* the Proxy contains materially incomplete and/or misleading information concerning the financial analyses performed by ROTH in support of its opinion that the Merger Consideration is fair to U.S. Geothermal stockholders. Specifically, the Proxy states that in rendering its fairness opinion, ROTH performed a "Present Value of Cash Flow Analysis" ("Cash Flow Analysis"). As pertinent here, the Proxy notes that in connection with this analysis, "ROTH calculated ranges of the estimated present values of the Company's unlevered, after-tax free cash flows attributable to stockholders of the Company that the Company forecasted to generate from January 1, 2018 through fiscal year 2047 by applying discount rates ranging from 8.0% to 10.0% for the Company's operating and expansion projects and 14.0% to 16.0% for the Company's development projects, reflecting ROTH's estimates of the Company's cost of capital for such projects." Proxy at 45. From these discount rates, ROTH arrived at "a range of equity values for the Company of $3.56 per share to $4.25 per share." *Id.* The Proxy, however, fails to disclose the inputs ROTH used to arrive at the 8-10 percent and 14-16 percent discount rates, aside from its vague reference to "ROTH's estimates of the Company's cost of capital for such projects."

24. The discount rate inputs are material to shareholders in deciding how to vote their shares, as the lack of disclosure of the inputs that were used by ROTH in its Cash Flow Analysis prevents shareholders from understanding the context of the figures or considering whether any of

the inputs thereto or ranges derived therefrom are anomalous. Absent this information, U.S. Geothermal shareholders are unable to determine whether the Proposed Transaction is indeed fair and in their best interest. Indeed, the real informative value of the financial advisor's work is not in its conclusion, but in the valuation analyses that buttress that result. When a financial advisor's endorsement of the fairness of a transaction is touted to shareholders (*see* Proxy at 30), the key inputs used to arrive at those conclusions, must also be fairly disclosed.

25. *Fourth*, the Proxy fails to disclose whether ROTH incorporated the Company's net operating loss carry forwards ("NOLs") into its Cash Flow Analysis. Here, U.S. Geothermal disclosed in a recent Form 10-K that "[a]t December 31, 2017, the Company had federal net operating loss carry forwards of approximately $109 million and state net operating loss carry forwards of approximately $44 million, which expire in the years 2023 through 2037," i.e. approximately $153 million in NOLs. Given the Proxy's disclosure of 19,494,566 shares of common stock issued and outstanding as of March 1, 2018 (not including shares issuable upon exercise of options), U.S. Geothermal's gross NOL, on a *pro rata* basis would be approximately $7.80. A gross benefit of $7.80 is substantial, given that the Merger Consideration is only $5.45 per share. Without (i) adequate disclosure concerning whether ROTH considered U.S. Geothermal's NOLs (when said consideration may have affected ROTH's analysis), or (ii) an explanation as to why the NOLs would have not substantially affected ROTH's analysis, shareholders are deprived of material information concerning the adequacy of ROTH's methods. Accordingly, the Proxy's failure to provide additional disclosure calls into question ROTH's opinion—which the Proxy touts as grounds to support the Merger—that the Merger Consideration is fair.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 – 7

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the other public shareholders of U.S. Geothermal (the "Class"). Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

27. This action is properly maintainable as a class action for the following reasons:

a. The Class is so numerous that joinder of all members is impracticable. As of March 1, 2018, there were over 19 million shares of U.S. Geothermal common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

b. Questions of law and fact are common to the Class, including, among others: (i) whether Defendants have violated Sections 14(a) and 20(a) of the Exchange Act in connection with the Proposed Transaction; and (ii) whether Plaintiff and the Class would be irreparably harmed if the Proposed Transaction is consummated as currently contemplated and pursuant to the Proxy as currently composed.

c. Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class.

d. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

e. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of

the Class which would establish incompatible standards of conduct for the party opposing the Class.

    f.  A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

    g.  Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and, are causing injury to the entire Class. Therefore, preliminary and final injunctive relief on behalf of the Class as a whole is entirely appropriate.

**CAUSES OF ACTION**

**<u>COUNT I</u>**
**Claim for Violation of Section 14(a) of the Exchange Act**
**and Rule 14a-9 Promulgated Thereunder**
**(Against All Defendants)**

  28. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

  29. Section 14(a)(1) of the Exchange Act makes it "unlawful for any person . . . to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

  30. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that solicitation communications with shareholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9(a).

  31. Rule 14a-9 further provides that, "[t]he fact that a proxy statement, form of proxy or other soliciting material has been filed with or examined by the Commission shall not be deemed

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 – 9

a finding by the Commission that such material is accurate or complete or not false or misleading, or that the Commission has passed upon the merits of or approved any statement contained therein or any matter to be acted upon by security holders. No representation contrary to the foregoing shall be made." 17 C.F.R. § 240.14a-9(b).

32.     As discussed herein, the Proxy misrepresents and/or omits material facts concerning the Merger.

33.     Defendants prepared, reviewed, filed and disseminated the false and misleading Proxy to U.S. Geothermal shareholders. In doing so, Defendants knew or recklessly disregarded that the Proxy failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

34.     The omissions and incomplete and misleading statements in the Proxy are material in that a reasonable shareholder would consider them important in deciding how to vote their shares. In addition, a reasonable investor would view such information as altering the "total mix" of information made available to shareholders.

35.     By virtue of their positions within the Company and/or roles in the process and in the preparation of the Proxy, Defendants were undoubtedly aware of this information and had previously reviewed it, including participating in the Merger negotiation and sales process and reviewing UBS's complete financial analyses purportedly summarized in the Proxy.

36.     The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Merger.

37.     U.S. Geothermal is deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Proxy.

38. Defendants knew that Plaintiff and the other members of the Class would rely upon the Proxy in determining whether to vote in favor of the Merger.

39. As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(a) of the Exchange Act and Rule 14d-9, absent injunctive relief from the Court, Plaintiff and the other members of the Class will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to vote in favor of the Merger.

40. Plaintiff and the Class have no adequate remedy at law.

## COUNT II
### Claim for Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

41. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of U.S. Geothermal within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of U.S. Geothermal, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

43. Each of the Individual Defendants were provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations alleged herein, and exercised the same. The Proxy contains the unanimous recommendation of each of the Individual Defendants to approve the Merger. They were thus directly connected with and involved in the making of the Proxy.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons and the acts described herein, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

46. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

47. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel;

B. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

C. Directing the Individual Defendants to disseminate an Amendment to its Schedule 14A that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 – 12

D. Directing Defendants to account to Plaintiff and the Class for their damages sustained because of the wrongs complained of herein;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 21, 2018　　　　　　　　**JONES & SWARTZ PLLC**

　　　　　　　　　　　　　　　　　　/s/ *Eric B. Swartz*
　　　　　　　　　　　　　　　　　　　Eric B. Swartz
　　　　　　　　　　　　　　　　　　　623 W. Hays St.
　　　　　　　　　　　　　　　　　　　Boise, ID 83702
　　　　　　　　　　　　　　　　　　　Ph. (208) 489-8989
　　　　　　　　　　　　　　　　　　　Fax (208) 489-8988
　　　　　　　　　　　　　　　	　　　www.jonesandswartzlaw.com

　　　　　　　　　　　　　　　　　　***Attorneys for Plaintiff***

**OF COUNSEL:**

**WOLF POPPER LLP**
Carl L. Stine
845 Third Avenue
New York, New York 10022
Tel.: 212-759-4600
Fax: 212-486-2093
Email: cstine@wolfpopper.com

## PLAINTIFF CERTIFICATION
## UNDER THE FEDERAL SECURITIES LAWS

I, Jason Beard, hereby state:

1. I have reviewed the complaint against U.S. Geothermal Inc. ("U.S. Geothermal") and certain of its directors and officers. I have authorized the filing of a complaint and lead plaintiff motion on my behalf.

2. I am willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary.

3. I currently own 833 U.S. Geothermal shares, which I bought on the following dates and for the following per share prices:

| Date | # of shares purchased | # of shares sold | Price per share |
|---|---|---|---|
| 10/29/2014 | (4,000) 6 to 1 split | 0.00 | 0.54 |
| Now | 833 | 0.00 | 3.45  as of 12-31-17 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTAL |  |  |  |

4. I did not purchase these securities at the direction of counsel, or in order to participate in any private action arising under the federal securities laws.

5. During the three-year period preceding the date of signing this certification, I have not made a motion to serve, and have not served, as a lead plaintiff on behalf of a class in any private action arising under the federal securities laws.

6. I will not accept any payment for serving as a representative party on behalf of the Class except to receive a pro rata share of any recovery, or as ordered or approved by the Court, including the award to a representative party of reasonable costs and expenses, including lost wages relating to the representation of the Class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _20_ day of March, 2018

By: _____
       Jason Beard